UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD A. FOX,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | CAUSE NO. 1:26-CV-388-PPS-AZ |

OPINION AND ORDER

Richard A. Fox, a prisoner without a lawyer, filed a complaint (ECF 1) along with a motion for preliminary injunction. (ECF 2). Under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As an initial matter, I note that Fox's complaint is not on the proper form. I could strike it for that reason alone, *see* N.D. Ind. L.R. 7-6, but because it suffers from other deficiencies as well, it must be amended regardless. Fox has sued thirteen defendants for events that happened at the Miami Correctional Facility (MCF), including the Indiana Department of Correction, the Warden of MCF and several correctional officers,

Centurion Health Service and members of its medical staff, and Aramark Food Service. His claims are far-reaching. Regarding his medical care, he says he went forty-eight days without needed pain medication for his chronic back condition, that he is diabetic and insulin dependent, that Centurion Health Service chose to "ignore those medical needs," and that they "maliciously refused to replace the needed medications." ECF 1 at 8. He says he was "diagnosed in 2006," but he doesn't clarify who acted or failed to act or when these specific deprivations took place other than to say the delays occurred monthly. *Id*. Fox claims he has been without eyeglasses for "well over a year," which causes headaches and makes it hard to see. *Id*. at 12. He says all diabetics are entitled to "eye's/dentist checks" every thirty to sixty days, but Centurion Health Service has a "long waiting list" for such appointments. *Id*. He says he filed grievances in August 2023 and November 2024 about the lack of medical care.

Additionally, Fox claims Captain Rush and MCF's "superiors" confiscated his tablet and suspended his kiosk privileges without following the proper "documentation" procedures. ECF 1-2 at 1. He claims Captain Rush held his tablet in his office "for no reason." *Id*. at 3. Fox asserts he was "robbed and beaten at knife point" by other inmates who stole his personal items, including his tablet, and that he was punished because of it. *Id*. at 4. He also alleges that all the MCF defendants have "conspired together" to prevent him from filing grievances about the matter. *Id*. at 5.

In the numerous—and disjointed—attachments he includes with his complaint, Fox also appears to be attempting to assert a failure to protect claim, but it's difficult to decipher these allegations. He says he was sleeping when an assault occurred and that

it could have been prevented, but Sgt. Eckweight "refused to listen or notice that officer Sutton sent my celly to RHU." ECF 1-3 at 8. He later references Officer Hollens, Officer Sutton, K. Grandstaff and other "officials" and claims they were aware his cellmate had made threats but refused to move him. *Id*. at 9.

Finally, he attaches a grievance about Aramark Food Service from August of 2023 that appears to indicate he received peanut butter for breakfast three days in a row, that his vegetables were "over cooked," and that the peanut butter was causing him to be constipated. *Id*. at 19. But the body of his complaint doesn't include any allegations whatsoever about food service issues, and simply attaching a grievance isn't sufficient to state a claim. *See Lindell v. Houser,* 442 F.3d 1033, 1035 n.1 (7th Cir. 2006).

Overall, Fox's allegations are impermissibly vague—he doesn't adequately describe who did what and when. Throughout the complaint, he often refers to the medical staff or the prison officials in a generalized manner. Such allegations are insufficient under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). When he does specifically refer to a defendant, he provides little to no information about the substance or timing of their actions, which makes it difficult, if not impossible, to discern whether they can be held personally liable for a constitutional violation.

Without additional details, Fox's complaint fails to state any plausible claims. *See, e.g.*, *Taha v. Int'l. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, even if Fox has plausible claims, they are disparate and unrelated to one another, and that's a problem because "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). The Seventh Circuit Court of Appeals has repeatedly urged district courts to "be alert" to the issue of unrelated claims. *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017). It has also "warned that district courts should not allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Fox's "far-ranging claims" can't be

brought together in one lawsuit simply because they happened to him at the same prison. *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

When a plaintiff files a complaint with unrelated or misjoined claims, I generally allow him to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler*, 689 F.3d at 683 (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Fox therefore needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563; *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which can be found in the prison law library, including only a discussion of those related claims and defendants. He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured—providing relevant facts about what occurred. He should not write about other events and conditions at MCF that are not directly related to the claim against the named defendant or defendants. If he wants to pursue any other unrelated claims, Fox must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and will proceed as an

independent case, subject to the usual filing fees, costs, and constraints of the Prison Litigation Reform Act.[1]

I must also consider the motion for preliminary injunction filed by Fox along with his complaint. A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the merits, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court need not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all

---

[1] If he files an amended complaint that still contains unrelated claims, I reserve the right to choose one for him and dismiss the rest without prejudice. *See Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011). ("Complaints like this one from Owens should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal citations omitted)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the merits must be assessed as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792. With regard to irreparable harm, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the movant meets all the threshold requirements, the "balance of harms between the parties and the effect of granting or denying a preliminary injunction on the public interest" may then be considered. *Tully*, 977 F.3d at 613 (quotation marks omitted).

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate to another prison—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Fox's motion for preliminary injunction refers to unspecified First Amendment retaliation and problems with his food. As set forth above, his complaint doesn't state

any plausible claims, let alone any claims regarding the allegations in his motion. As it stands, Fox has no chance of success on the merits. *See Univ. of S. Ind.*, 43 F.4th at 791 (court need not analyze remaining elements because this step is "often decisive").

Finally, Fox hasn't resolved his filing fee status. If he wants to continue this lawsuit, he must first resolve his filing fee status either by paying the full $405 filing fee up front or by filing an in forma pauperis motion—along with a certified copy of his inmate trust fund ledger detailing his transactions for the past six months[2]—seeking to pay the fee over time. *See* 28 U.S.C. § 1915(a)(2); *see also Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 435–36 (7th Cir. 1997). If he chooses to file a motion to proceed in forma pauperis, he must do so on a **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16)** form, which can be found in his prison law library.

Accordingly:

(1) The motion for preliminary injunction (ECF 2) is DENIED;

(2) Richard A. Fox is GRANTED until **September 30, 2026**, to file an amended complaint on the proper form containing only related claims;

(3) Richard A. Fox is GRANTED until **September 30, 2026**, to resolve his filing fee status; and

(4) Richard A. Fox is CAUTIONED that if he doesn't file an amended complaint as described above by the deadline, this case will be dismissed pursuant to 28 U.S.C. §

---

[2] One of his many attachments is a partial printout of his trust fund account, but it is not current and does not display his transactions for the last six months, as required. *See* ECF 1-3 at 20–22.

1915A without further notice because the current complaint fails to state any claims for which relief can be granted.

**SO ORDERED**

ENTERED: August 31, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT